**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| LINEAGE POWER CORP.<br><br>               Plaintiff,<br><br>     v.<br><br>SYNQOR, INC.,<br>VICTORY SALES, INC., and<br>AVNET, INC.<br><br>               Defendants. | Civil Action<br><br>Case No. 08-C-0397<br><br>**JURY TRIAL DEMANDED** |

**SYNQOR'S ANSWER TO LINEAGE'S
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant SynQor, Inc. ("SynQor") respectfully submits this Answer to the claims asserted by Plaintiff Lineage Power Corp. ("Lineage") in its First Amended Complaint for Patent Infringement ("Complaint").  (*See* Dkt. # 3).

**NATURE OF THE ACTION**

1.  SynQor admits that in paragraph 1 of the Complaint, Lineage claims that this is a patent infringement action involving power converter technology.  SynQor denies the remaining allegations in paragraph 1.

**THE PARTIES**

2.  Upon information and belief, SynQor admits the allegations of paragraph 2 of the Complaint.

3.  SynQor admits the allegations of paragraph 3 of the Complaint.

4.  SynQor is without sufficient information to admit or deny the allegations in paragraph 4 of the Complaint and, therefore, denies the allegations in paragraph 4.

5. SynQor is without sufficient information to admit or deny the allegations in paragraph 5 of the Complaint and, therefore, denies the allegations in paragraph 5.

6. SynQor admits that it sells products, including power converters, in the United States, including the state of Wisconsin. SynQor denies that any of its products infringe the asserted patents. SynQor denies the remaining allegations in paragraph 6 of the Answer. SynQor is without sufficient information to admit or deny the allegations in paragraph 6 of the Complaint with regard to the other defendants, and therefore, denies those allegations.

## JURISDICTION AND VENUE

7. SynQor admits the allegations of paragraph 7 of the Complaint.

8. SynQor admits that it conducts business in the United States and in the State of Wisconsin. SynQor denies the remaining allegations in paragraph 8 of the Answer. SynQor is without sufficient information to admit or deny the allegations in paragraph 8 of the Complaint with regard to the other defendants, and therefore, denies those allegations.

9. SynQor admits that it sells products, including power converters, in the United States, including the state of Wisconsin, and that these products are marketed to customers. SynQor denies that any of its products infringe the asserted patents. SynQor denies the remaining allegations in paragraph 9 of the Answer. SynQor is without sufficient information to admit or deny the allegations in paragraph 9 of the Complaint with regard to the other defendants, and therefore, denies those allegations.

10. SynQor will not contest personal jurisdiction in this case. SynQor is without sufficient information to admit or deny the allegations in paragraph 10 of the Complaint with regard to the other defendants, and therefore, denies those allegations.

11. SynQor admits that Victory Sales is a manufacturing representative for SynQor, and that its territory includes the State of Wisconsin. Upon information and belief, SynQor admits that Victory Sales has an office in Brookfield, Wisconsin. SynQor denies the remaining allegations in paragraph 11 of the Complaint.

12. SynQor admits that Avnet is a distributor of SynQor products, and that its sales territory includes the State of Wisconsin. Upon information and belief, SynQor admits that Avnet has a branch location in Pewaukee, Wisconsin. SynQor denies the remaining allegations in paragraph 12.

13. SynQor will not contest that venue is proper, but contends that venue in this district is inappropriate and that the case should be transferred to a more appropriate forum. SynQor denies that it has committed acts of infringement. SynQor is without sufficient information to admit or deny the allegations in paragraph 13 of the Complaint with regard to the other defendants, and therefore, denies those allegations.

## COUNT ONE
### Defendants' Infringement of the '344 Patent

14. SynQor admits that Lineage claims in paragraph 14 of the complaint that it incorporates by reference paragraphs 1-13 of the complaint. SynQor denies the remaining allegations in paragraph 14 of the Complaint.

15. SynQor is without sufficient information to admit or deny the allegations of paragraph 15 of the Complaint and, therefore, denies the allegations in paragraph 15.

16. SynQor denies the allegations of paragraph 16 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

17. SynQor denies the allegations of paragraph 17 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

18. SynQor denies the allegations of paragraph 18 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

19.     SynQor denies the allegations of paragraph 19 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

## COUNT TWO
### Defendants' Infringement of the '773 Patent

20.     SynQor admits that Lineage claims in paragraph 20 of the complaint that it incorporates by reference paragraphs 1-13 of the complaint. SynQor denies the remaining allegations in paragraph 20 of the Complaint.

21.     SynQor is without sufficient information to admit or deny the allegations of paragraph 21 of the Complaint and, therefore, denies the allegations in paragraph 21. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

22.     SynQor denies the allegations in paragraph 22 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

23.     SynQor denies the allegations in paragraph 23 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

24.     SynQor denies the allegations in paragraph 24 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

25.     SynQor denies the allegations in paragraph 25 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

## COUNT THREE
### Defendants' Infringement of the '452 Patent

26.     SynQor admits that Lineage claims in paragraph 26 of the complaint that it incorporates by reference paragraphs 1-13 of the complaint.  SynQor denies the remaining allegations in paragraph 26 of the Complaint.

27.     SynQor is without sufficient information to admit or deny the allegations of paragraph 27 of the Complaint and, therefore, denies the allegations in paragraph 27.

28.     SynQor denies the allegations in paragraph 28 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

29.     SynQor denies the allegations in paragraph 29 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

30.     SynQor denies the allegations in paragraph 30 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

31.     SynQor denies the allegations in paragraph 31 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

## COUNT FOUR
### Defendants' Infringement of the '301 Patent

32.     SynQor admits that Lineage claims in paragraph 32 of the complaint that it incorporates by reference paragraphs 1-13 of the complaint.  SynQor denies the remaining allegations in paragraph 32 of the Complaint.

33.     SynQor is without sufficient information to admit or deny the allegations of paragraph 27 of the Complaint and, therefore, denies the allegations in paragraph 33.

34. SynQor denies the allegations in paragraph 34 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

35. SynQor denies the allegations in paragraph 35 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

36. SynQor denies the allegations in paragraph 36 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

37. SynQor denies the allegation in paragraph 37 with regard to its products. SynQor lacks knowledge or information sufficient to form a belief as to other products, to the extent they are implicated.

## REQUEST FOR RELIEF

SynQor denies that Lineage is entitled to any relief requested in its request for relief or any other relief whatsoever, and SynQor denies all allegations contained in paragraphs A-I of Lineage's request for relief.

## DEMAND FOR JURY TRIAL

SynQor acknowledges and joins Lineage's request for trial by jury on all issues so triable pursuant to Federal Rules of Civil Procedure 38.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Noninfringement of the '344, '773, '452, and '301 Patents)**

2. SynQor has not directly infringed, has not contributorily infringed, and has not induced infringement of any valid and enforceable claim of the '344, '773, '452 or '301 patents,

either literally or under the doctrine of equivalents, and is not liable for any infringement of the '344, '773, '452, or '301 patents.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

3. Lineage's claims for relief are barred in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity of the '344, '773, '452, and '301 Patents)

4. The '344, '773, '452, and '301 patents, and each claim thereof, are invalid and/or unenforceable for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. § 1 *et seq.*, including, without limitation, the requirements of §§ 101, 102, 103, 112 and/or 132, and the rules, regulations and laws pertaining thereto.

## FIFTH AFFIRMATIVE DEFENSE

### (No Willful Infringement of the '344, '773, '452, and '301 Patents)

5. SynQor has not willfully infringed any valid and enforceable claim of the '344, '773, '452, or '301 patent.

## SIXTH AFFIRMATIVE DEFENSE

### (Violation of Fed. R. Civ. Pro. 11)

6. Lineage's claims for relief are barred in whole or in part by Fed. R. Civ. Pro. 11 because the Complaint and Amended Complaint were filed without a good faith basis to allege infringement.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7. Lineage's claims for relief are barred in whole or in part by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.      Lineage's claims for relief are barred in whole or in part by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

9.      Lineage's claims for relief are barred in whole or in part by the doctrine of estoppel, including but not limited to equitable estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.     Lineage's claims for relief are barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Prosecution Laches)

11.     Lineage's claims for relief are barred in whole or in part by the doctrine of prosecution laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Section 288)

12.     Lineage's claims for relief are barred in whole or in part under 35 U.S.C. § 288, and any costs sought by Lineage are limited by 35 U.S.C. § 288.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Sections 286 and/or 287)

13.     Any damages sought by Lineage are limited by 35 U.S.C. §§ 286 and/or 287.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

14.     SynQor reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in

equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Dated:   November 7, 2008           */s/ Michael J. Modl*

**Michael J. Modl**
mmodl@axley.com
**AXLEY BRYNELSON, LLP**
**2 East Mifflin St., Ste. 200 (53703)**
P.O. Box 1767
Madison, WI
608-257-5661


**Thomas D. Rein**  (*pro hac vice*)
trein@sidley.com
**Russell E. Cass** (*pro hac vice*)
rcass@sidley.com
**April D. Lambert** (*pro hac vice*)
alambert@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL   60603
Telephone:   312.853.7000
Facsimile:   312.853.7036


**Michael D. Hatcher** (*pro hac vice*)
mhatcher@sidley.com
**SIDLEY AUSTIN LLP**
717 North Harwood, Suite 3400
Dallas, TX   75201
Telephone:   214.981.3300
Facsimile:   214.981.3400


*ATTORNEYS FOR DEFENDANTS.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2008, I electronically filed the foregoing through the Court's ECF system, which will send a notice via electronic filing to all counsel of record. I also had a copy hand-delivered to:

> J. Donald Best
> John C. Scheller
> Paul D. Barbato
> Michael, Best & Friedrick LLP
> 1 S. Pinckney Street
> Suite 700
> Madison, WI 53703

*/s/ Karen Iordachescu*