IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **LINEAGE POWER CORP.**<br><br>             Plaintiff,<br>     v.<br><br>**SYNQOR, INC.** and<br>**VICTORY SALES, INC.,**<br><br>             Defendants. | **CIVIL ACTION**<br><br>**CASE NO. 08-C-0397**<br><br>**LINEAGE'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**LINEAGE POWER CORPORATION'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lineage Power Corporation ("Lineage" or "Plaintiff") for its complaint against Defendants SynQor, Inc. ("SynQor") and Victory Sales, Inc. ("Victory Sales") (collectively, "Defendants") alleges the following:

**NATURE OF ACTION**

1.      This is a patent infringement action involving power converter technology.

**THE PARTIES**

2.      Plaintiff Lineage is a corporation organized and existing under the laws of Nevada, with its principal place of business at 3000 Skyline Drive, Mesquite, Texas 75149.

3.      On information and belief, Defendant SynQor is a corporation organized and existing under the laws of Delaware, with its principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.

4.      On information and belief, Defendant Victory Sales is a corporation organized and existing under the laws of Ohio, with its principal place of business at 8401 Chagrin Road Suite 10A, Chagrin Falls, OH  44023.

5.      Defendants make, import, use, offer to sell, and/or sell within the United States, including the state of Wisconsin and this judicial District, products, including, but not limited to, power converters.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over the matters complained of under 28 U.S.C. §§ 1331 and 1338.

7.      Defendants are conducting business on a systematic and continuous basis within the United States, including the State of Wisconsin and this District.

8.      Defendants make, import, use, offer to sell, and/or sell within the United States, including the State of Wisconsin and this District, products including, but not limited to, power converters that infringe the patents at issue in this action. These products are marketed to customers, such as telecommunications equipment and network equipment manufacturers, that sell and distribute infringing products throughout the world, including within this District.

9.      Defendants are subject to personal jurisdiction in this judicial District because they have committed acts of infringement within this District, and because they have established at least minimum contacts with the forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

10.     Defendant Victory Sales is a manufacturers' representative for SynQor, covering the State of Wisconsin. (*See* Exhibit E, SynQor Sales Contact Information, *available at* http://www.synqor.com/salescontact.html?regionname=The+Americas&countryinfo=1%2CUnited+States&territoryinfo=150%2CWisconsin.) Victory Sales has an office in Brookfield,

Wisconsin.  (*See* Exhibit F, Victory Sales Locations, *available at*

http://www.victorysales.com/Locations.html.)

    11.    Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) in that Defendants have committed acts of infringement in this District and reside in this District in accordance with 28 U.S.C. §1391(c).

## COUNT ONE
### Defendants' Infringement of the '344 Patent

    12.    Each of paragraphs 1-11 is incorporated by reference.

    13.    Lineage is the assignee and owner of all rights, title, and interest in U.S. Patent No. 6,138,344 ("the '344 Patent"), entitled "Methods of Manufacturing a Magnetic Device and Tool for Manufacturing the Same."  The '344 Patent was duly and legally issued on October 31, 2000 by the United States Patent and Trademark Office.  A true and correct copy of the '344 Patent is attached hereto as Exhibit A.

    14.    Defendants have been and are now infringing, actively inducing infringement of, and/or contributorily infringing claims 1, 2, 3, 7 and 9 of the '344 Patent, pursuant to 35 U.S.C. § 271, by making, using, importing, offering to sell, and/or selling SynQor's AcuQor, AdvancedTCA, BusQor, PowerQor, DualQor and InQor modules.  Defendants have committed such acts of infringement with full knowledge of the existence of the '344 Patent and the rights of Lineage with respect thereto.  Such acts of infringement by Defendants have been and continue to be willful and deliberate, and Lineage believes such acts will continue in the future unless enjoined by the Court.

    15.    SynQor's AcuQor, AdvancedTCA, BusQor, PowerQor, DualQor and InQor modules, which are used to practice the claims of the '344 Patent, are known by the Defendants

3

to be especially made or adapted for use in an infringement of the '344 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

16. Defendants' past and continuing acts of infringement of the '344 Patent have injured Lineage, including by lost sales and diminution of value of the '344 Patent, and thus Lineage is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

17. Defendants' past and continuing acts of infringement of the '344 Patent have resulted and continue to result in substantial unjust profits by, and unjust enrichment of, Defendants in amounts to be determined at trial. Such acts of infringement are causing irreparable harm to Lineage and will continue to cause irreparable harm unless enjoined by the Court.

## COUNT TWO
### Defendants' Infringement of the '773 Patent

18. Each of paragraphs 1-11 is incorporated by reference.

19. Lineage is the assignee and owner of all rights, title, and interest in U.S. Patent No. 6,005,773 ("the '773 Patent"), entitled "Board-Mountable Power Supply Module." The '773 Patent was duly and legally issued on December 21, 1999 by the United States Patent and Trademark Office. A true and correct copy of the '773 Patent is attached hereto as Exhibit B.

20. Defendants have been and are now infringing, actively inducing infringement of, and/or contributorily infringing claims 12, 13, 16, 22, 23, 24 and 27 of the '773 Patent, pursuant to 35 U.S.C. § 271, by making, using, importing, offering to sell, and/or selling SynQor's baseplated eighth-brick and quarter-brick PowerQor modules. Defendants have committed such acts of infringement with full knowledge of the existence of the '773 Patent and the rights of Lineage with respect thereto. Such acts of infringement by Defendants have been and continue

4

to be willful and deliberate, and Lineage believes such acts will continue in the future unless enjoined by the Court.

21.     SynQor's baseplated eighth-brick and quarter-brick PowerQor modules, which are used to practice the claims of the '773 Patent, are known by the Defendants to be especially made or adapted for use in an infringement of the '773 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

22.     Defendants' past and continuing acts of infringement of the '773 Patent have injured Lineage, including by lost sales and diminution of value of the '773 Patent, and thus Lineage is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

23.     Defendants' past and continuing acts of infringement of the '773 Patent have resulted and continue to result in substantial unjust profits by, and unjust enrichment of, Defendants in amounts to be determined at trial.  Such acts of infringement are causing irreparable harm to Lineage and will continue to cause irreparable harm unless enjoined by the Court.

**COUNT THREE**
**Defendants' Infringement of the '452 Patent**

24.     Each of paragraphs 1-11 is incorporated by reference.

25.     Lineage is the assignee and owner of all rights, title, and interest in U.S. Patent No. 5,036,452 ("the '452 Patent"), entitled "Current Sharing Control with Limited Output Voltage Range for Paralleled Power Converters."  The '452 Patent was duly and legally issued on July 30, 1991 by the United States Patent and Trademark Office.  A true and correct copy of the '452 Patent is attached hereto as Exhibit C.

26.     Defendants have been and are now infringing, actively inducing infringement of, and/or contributorily infringing claim 2 of the '452 Patent, pursuant to 35 U.S.C. § 271, by making, using, importing, offering to sell, and/or selling SynQor's Full-Feature PowerQor modules. Defendants have committed such acts of infringement with full knowledge of the existence of the '452 Patent and the rights of Lineage with respect thereto. Such acts of infringement by Defendants have been and continue to be willful and deliberate, and Lineage believes such acts will continue in the future unless enjoined by the Court.

27.     SynQor's Full-Feature PowerQor modules, which are used to practice claim 2 of the '452 Patent, are known by the Defendants to be especially made or adapted for use in an infringement of the '452 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

28.     Defendants' past and continuing acts of infringement of the '452 Patent have injured Lineage, including by lost sales and diminution of value of the '452 Patent, and thus Lineage is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

29.     Defendants' past and continuing acts of infringement of the '452 Patent have resulted and continue to result in substantial unjust profits by, and unjust enrichment of, Defendants in amounts to be determined at trial. Such acts of infringement are causing irreparable harm to Lineage and will continue to cause irreparable harm unless enjoined by the Court.

## COUNT FOUR
### Defendants' Infringement of the '301 Patent

30.     Each of paragraphs 1-11 is incorporated by reference.

31.     Lineage is the assignee and owner of all rights, title, and interest in U.S. Patent No. 6,310,301 ("the '301 Patent"), entitled "Inter-Substrate Conductive Mount for a Circuit Board, Circuit Board and Power Magnetic Device Employing the Same."  The '301 Patent was duly and legally issued on October 30, 2001 by the United States Patent and Trademark Office.  A true and correct copy of the '301 Patent is attached hereto as Exhibit D.

32.     Defendants have been and are now infringing, actively inducing infringement of, and/or contributorily infringing claims 1, 2, 4, 7 and 9 of the '301 Patent, pursuant to 35 U.S.C. § 271, by making, using, importing, offering to sell, and/or selling SynQor's NiQor SMT modules.  Defendants have committed such acts of infringement with full knowledge of the existence of the '301 Patent and the rights of Lineage with respect thereto.  Such acts of infringement by Defendants have been and continue to be willful and deliberate, and Lineage believes such acts will continue in the future unless enjoined by the Court.

33.     SynQor's NiQor SMT modules, which are used to practice the claims of the '301 Patent, are known by the Defendants to be especially made or adapted for use in an infringement of the '301 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

34.     Defendants' past and continuing acts of infringement of the '301 Patent have injured Lineage, including by lost sales and diminution of value of the '301 patent, and thus Lineage is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

35.     Defendants' past and continuing acts of infringement of the '301 Patent have resulted and continue to result in substantial unjust profits by, and unjust enrichment of, Defendants in amounts to be determined at trial.  Such acts of infringement are causing

irreparable harm to Lineage and will continue to cause irreparable harm unless enjoined by the Court.

## REQUEST FOR RELIEF

Wherefore, Lineage respectfully requests that the Court:

A.  order trial by jury on all issues so triable;

B.  render judgment finding that Defendants have infringed the '344, '773, '452, and '301 Patents (collectively, "the Lineage Patents");

C.  find that each Defendant's infringement was willful;

D.  issue a permanent injunction preventing Defendants, and those acting in concert or participation with Defendants, from further infringement, inducement of infringement, or contributory infringement of the Lineage Patents;

E.  award compensatory damages to Lineage in an amount to be determined at trial;

F.  award treble damages to Lineage pursuant to 35 U.S.C. §284;

G.  award interest as allowed by law;

H.  declare this case to be exceptional pursuant to 35 U.S.C. § 285 and award Lineage its costs and reasonable attorney fees incurred in connection with this action; and

I.  grant such other and further relief as this Court and the jury deem just and proper.

## DEMAND FOR JURY TRIAL

Lineage demands a trial by jury as to all issues so triable.

Dated: December 19, 2008                    Respectfully submitted,


      /s/ John C. Scheller
J. Donald Best
John C. Scheller
Paul D. Barbato
Michael, Best & Friedrich LLP
1 S. Pinckney Street, Suite 700
Madison, WI 53703
(608) 257-3501

David A. Nelson
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Sean S. Pak
Latham & Watkins LLP
505 Montgomery St., Suite 2000
San Francisco, CA  94111-6538
(415) 391-0600

Franklin D. Kang
Dale Chang
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071
(213) 485-1234

Shawn E. McDonald
Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
(858) 720-7475

**ATTORNEYS FOR PLAINTIFF
LINEAGE POWER CORPORATION**